IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WENDY EREVIA,                                    6:15-CV-01404-BR

          Plaintiff,                             OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

          Defendant.


MERRILL SCHNEIDER
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

          Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**THOMAS M. ELSBERRY**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2112

       Attorneys for Defendant


**BROWN, Judge.**

       Plaintiff Wendy Erevia seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

       For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.


### ADMINISTRATIVE HISTORY

       Plaintiff filed an application for DIB on November 29, 2011, alleging a disability onset date of May 10, 2011.  Tr. 93.[1]  The application was denied initially and on reconsideration.  An

---

       [1] Citations to the official transcript of record filed by the Commissioner on February 11, 2016, are referred to as "Tr."

2 - OPINION AND ORDER

Administrative Law Judge (ALJ) held a hearing on November 19, 2013.  Tr. 34-77.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on December 3, 2013, in which he found Plaintiff was not disabled and, therefore, is not entitled to benefits.  Tr. 13-33.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on May 29, 2015, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born September 17, 1978, and was 34 years old at the time of the hearing.  Tr. 78.  Plaintiff has a GED. Tr. 47.  Plaintiff has past relevant work experience as a cashier/retail clerk.  Tr. 27.

Plaintiff alleges disability due to fibromyalgia; "back and shoulder muscles"; celiac sprue; and "body, nerve and muscle pain."  Tr. 93.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 22-26.

3 - OPINION AND ORDER

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v.*

*Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her May 10, 2011, alleged onset date.  Tr. 18.

At Step Two the ALJ found Plaintiff has the severe impairments of fibromyalgia with chronic pain syndrome, neck and

back problems, and chronic diarrhea.  Tr. 18.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 20.  The ALJ found Plaintiff has the RFC to perform "less than a full range of sedentary work."  Tr. 20.  The ALJ also found Plaintiff could frequently "lift a negligible amount of weight" and "engage in gross and fine manipulation with the bilateral upper extremities."  Tr. 20.  The ALJ found Plaintiff could occasionally lift up to ten pounds, climb ramps and stairs, stoop, kneel, crouch, push, pull, and reach overhead. Tr. 20-21.  The ALJ found Plaintiff must "be allowed to sit or stand at 30 to 45 minute intervals for 3 to 5 minutes at a time, during which period she may remain on task."  Tr. 20.  The ALJ also found Plaintiff "must avoid more than occasional exposure to extreme cold, vibration, and hazards" and "requires ready access to restroom facilities."  Tr. 21.

At Step Four the ALJ found Plaintiff cannot perform her past relevant work.  Tr. 27.

At Step Five the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 27. Accordingly, the ALJ found Plaintiff is not disabled.

8 - OPINION AND ORDER

## DISCUSSION

Plaintiff contends the ALJ erred when he improperly gave "little weight" to the October 2013 opinion of Plaintiff's treating physician, Lesley Garber, D.O.

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996).

When "the ALJ fail[s] to provide legally sufficient reasons for rejecting . . . [a] physician['s] opinion[]," the Court credits the opinion as true.  *Benecke v. Barnhart*  379 F.3d 587, 594 (9th Cir. 2004).  *See also Lester*, 81 F.3d at 834 (improperly rejected physician opinion court credited as matter of law).

In November 2012 Dr. Garber completed a Work Restrictions Form in which he opined Plaintiff could sit up to four hours in an eight-hour work day with "a 15 minute break of standing or walking every 30 minutes." Tr. 488.  Dr. Garber also opined

Plaintiff could stand and walk up to two hours in an eight-hour
work day with "a 30 minute break of sitting every hour."
Tr. 488.  Dr. Garber opined Plaintiff could occasionally lift and
carry up to ten pounds below or at her waist or chest; use a
"simple grasp"; engage in repetitive hand movements; kneel, bend,
and squat; and never lift or carry above her shoulders, use a
"power grasp," or climb.  Dr. Garber also opined Plaintiff could
work eight hours per day for a maximum of three days.  Tr. 489.
The ALJ gave "great weight" to Dr. Garber's November 2012
opinion.

        In October 2013 Dr. Garber submitted a letter in which he
again opined Plaintiff could sit up to four hours in an eight-
hour work day.  Tr. 523.  Unlike in his November 2012 opinion,
however, Dr. Garber did not state Plaintiff required any breaks
"of standing or walking" during her four hours of sitting at
work.  In his October 2103 opinion Dr. Garber opined Plaintiff
could stand and walk up to one hour in an eight-hour work day as
opposed to two hours as he opined in November 2012.  Tr. 523.  In
his October 2013 opinion Dr. Garber again opined Plaintiff could
occasionally lift and carry up to ten pounds below or at her
waist or chest and use a "simple grasp."  Tr. 523.  Dr. Garber
again opined Plaintiff should never climb or lift or carry
anything above her shoulders.  Tr. 523.  Dr. Garber, however,
also opined Plaintiff should never stoop, bend, kneel, crouch, or

crawl.  Tr. 523.  Finally, Dr. Garber opined Plaintiff would miss "two full work days or more per month."  Tr. 523.

The ALJ gave little weight to Dr. Garber's October 2013 opinion on the grounds that Dr. Garber "appear[ed] to be trying to obtain insurance or disability for [Plaintiff]," that he completed his opinion on a Costco Work Restrictions Form, and that he "opined greater limitations than he previously stated without noting any increased symptomatology that would explain the additional restrictions."  Tr. 26.

Plaintiff asserts the ALJ engaged in "unwarranted speculation" that Dr. Garber misrepresented Plaintiff's condition in his October 2013 opinion in an effort to help Plaintiff to obtain benefits.  The Commissioner states in her Response that she "does not defend the ALJ's statement that Dr. Garber appeared to be trying to obtain insurance or disability for Plaintiff." The Ninth Circuit has made clear that the Commissioner "may not assume that doctors routinely lie in order to help their patients collect disability benefits." *Lester*, 81 F.3d at 832 (quotation omitted).  Although the Commissioner "may introduce evidence of actual improprieties," here the Commissioner does not point to any such evidence and the record does not indicate any impropriety with respect to Dr. Garber's October 2013 opinion. The Court, therefore, concludes the ALJ erred when he engaged in unwarranted speculation to support his rejection of Dr. Garber's

October 2013 opinion.

The ALJ's second basis for giving little weight to
Dr. Garber's October 2013 opinion is similarly meritless.
As noted, the ALJ relied in part on the fact that Dr. Garber's
October 2013 opinion was completed on a Costco Work Restrictions
Form.  Dr. Garber's October 2013 opinion, however, was completed
in letter format.  Only Dr. Garber's November 2012 opinion was
completed on a Costco Work Restrictions Form.  The ALJ's
statement casts doubt on whether the ALJ was actually considering
Dr. Garber's October 2013 opinion when the ALJ gave it little
weight.

Finally, when evaluating Dr. Garber's October 2013 opinion,
the ALJ relied on the fact that Dr. Garber "opined greater
limitations than he previously stated [in his November 2012
opinion] without noting any increased symptomatology that would
explain the additional restrictions."  The Commissioner asserts
"an ALJ reasonably rejects a medical opinion that, without
additional evidence or explanation, deviates considerably from an
earlier opinion."  Def.'s Resp. at 8 (citing *Tommasetti v.
Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)(incongruity between
treating doctor's questionnaire responses and her medical records
provided a specific and legitimate reason for rejecting the
doctor's opinion of claimant's limitations).  A review of
Dr. Garber's November 2012 and October 2013 opinions, however,

reflects little overall deviation between his opinions.  For example, in his October 2013 opinion Dr. Garber reduced the number of hours that Plaintiff could stand or walk from two to one, but he also eliminated the need for Plaintiff to take a 15-minute break every 30 minutes when sitting.  Dr. Garber noted in his October 2013 opinion that Plaintiff should never kneel, bend, or squat even though he had previously opined that Plaintiff could occasionally do so.  Dr. Garber also did not include any limitation on Plaintiff's repetitive hand movements even though he had previously limited Plaintiff to occasional repetitive hand movements.  Finally, Dr. Garber's opinion as to the number of days of work he expected Plaintiff to miss in October 2013 was actually fewer than he concluded in his November 2012 opinion.  As noted, in November 2012 Dr. Garber concluded Plaintiff would be unable to work more than three days per week while he opined in his October 2013 opinion that Plaintiff would only miss two or more days per month.

In summary, the ALJ's conclusion that Dr. Garber opined Plaintiff had greater limitations in his October 2013 opinion than he previously stated in his November 2012 opinion is unsupported by the record.

In addition, although the ALJ stated in his conclusion that Plaintiff's "[p]hysical exams consistently do not support the level of pain and functional limitations that . . . Dr. Garber"

concludes in his October 2013 opinion, the ALJ fails to point to any specific medical evidence in the record that supports his conclusory statement.  The Commissioner points to medical records from more than a year before Dr. Garber's October 2013 opinion to support the ALJ's statement, but the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006)(citation and quotation omitted).  The Court, therefore, rejects the Commissioner's *post hoc* argument in support of the ALJ's rejection of Dr. Garber's October 2013 opinion.


### REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).  When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).  The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court.  *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or

for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

The Court has determined the ALJ erred when he improperly gave little weight to Dr. Garber's October 2013 opinion, which, the Court notes, is not contradicted by the opinions of other treating or examining physicians on a fully-developed record. In addition, Dr. Garber opined Plaintiff would miss at least two days of work per month, and the VE, in turn, testified a claimant who missed two or more days of work per month would find "it virtually impossible to maintain competitive employment." The VE

15 - OPINION AND ORDER

also testified there were not any jobs in the national economy
that such an individual could perform.  Tr. 76.

    After giving the October 2013 opinion of Dr. Garber the
weight required by law, the Court concludes Plaintiff cannot work
on a regular and continuing basis and, therefore, is disabled.
*See* 20 C.F.R. §§ 404.1545(b), 416.945(b)(RFC is ability to work
on "regular and continuing basis").  *See also* SSR 96-8p ("regular
and continuing basis" is "8 hours a day, for 5 days a week, or an
equivalent work schedule").  The Court, therefore, concludes this
matter should not be remanded for further proceedings.  *See
Schneider v. Comm'r*, 223 F.3d 968 (9th Cir. 2000).  *See also
Reddick*, 157 F.3d at 729 ("We do not remand this case for further
proceedings because it is clear from the administrative record
that Claimant is entitled to benefits."); *Rodriguez v. Bowen*, 876
F.2d 759, 763 (9th Cir. 1989)(if remand for further proceedings
would only delay the receipt of benefits, judgment for the
claimant is appropriate).

    Accordingly, the Court remands this matter for the immediate
calculation and award of benefits to Plaintiff.

## **CONCLUSION**

    For these reasons, the Court **REVERSES** the decision of
the Commissioner and **REMANDS** this matter pursuant to sentence

16 - OPINION AND ORDER

four of 42 U.S.C. § 405(g) for the immediate calculation and
award of benefits.

IT IS SO ORDERED.

DATED this 29th day of August, 2016.


/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge


17 - OPINION AND ORDER